**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

0  Valuation of Security    0  Assumption of Executory Contract or Unexpired Lease    0  Lien Avoidance

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:    Case No.: 18-24251/JNP

Desmond A Hicks    Judge: _____

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: 5/17/2020

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __TT__    Initial Debtor: __DH__    Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ __1,115.00__ per __month__ to the Chapter 13 Trustee, starting on __March, 2021__ for approximately __62__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

      a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

      b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 0.00 |
| DOMESTIC SUPPORT OBLIGATION | | |
| IRS | Tax | As per POC('s) |
| State of NJ | Tax | As per POC('s) |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4:   Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Wells Fargo's proposed mortgage modification was approved by the Court, so no arrears to be paid through Plan

Ally Financial, as co-signer ro W's 2011 Ford Explorer, or, Per (if) POC (filed)

**g. Secured Claims to be Paid in Full Through the Plan:** ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases ☐ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Restaurant premises leases | n/a | commercial lease for restaurants | assume any leases for premises occupied by Debtor as of 1/18/2020, rejecting any others | n/s |

**Part 7:    Motions ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**  ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**  ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒   Upon confirmation

☐   Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Administrative Expenses

3) then, in accordance with Trustee Standard Order of Distribution

4) _____

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 5/17/2020 .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Debtor's business (restaurant) has been devastated by the pandemic | Debtor seeks a 10 month suspension of Trustee payments as well as an extension of months (from 38 remaining to 62 remaining months) as allowed under the CARES Act |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

### Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 5/17/2020                                              /s/ Desmond Hicks
                                                             Debtor

Date: _____                                 /s/ _____
                                                             Joint Debtor

Date: 5/17/2020                                              /s/ Terry Tucker
                                                             Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 18-24251-JNP
Desmond A Hicks                                                           Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-1           User: admin                Page 1 of 2              Date Rcvd: May 19, 2020
                               Form ID: pdf901            Total Noticed: 32

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 21, 2020.
```
db           +Desmond A Hicks,    6 Pointview Ct,    Sicklerville, NJ 08081-1698
cr           +Specialized Loan Servicing, LLC, as servicing agen,     POB 340514,    Tampa, FL 33694-0514
cr           +Sporty Joe Realty, LLC,    c/o Gorski & Knowlton,    311 White Horse Avenue,    Ste A,
               Hamilton, NJ 08610-1430
518130347    +Ally Financial,    John R. Morton, Jr.,    Morton & Craig, LLC,    110 Marter Avenue, Suite 301,
               Moorestown, NJ 08057-3125
517648615    +Ally Financial,    500 Woodward Ave,    Detroit , MI 48226-3416
517776837    +Lakeview Homeowners Association, Inc.,     850 Carolier Lane,    North Brunswick, NJ 08902-3312
517780030    +Lakeviw Homeowners,    c/o McGovern Legal Services,     850 Carolier Ln,
               North Brunswick, NJ 08902,    ATTN:Tiffany Bczykowski or,     Marlena S Diaz-Cobo 08902-3312
517780035    +MacAlpine Carll & Co,    Constituion Place #150,    325 Chestnut St,    Phila, PA 19106-2614
517780028     NJ Div of Taxation,    Revenue Processing Center,    Sales and Use tax,    POB 999,
               Trenton, NJ 08646-0999
517780036    +PSE&G,    POB 1444,    New Brunswick, NJ 08903-1444
517780037     SJ Radiology,    POB 1710,    Voorhees, NJ 08043-7710
517780034    +SJS Realty,    1114 Wynwood Ave,    Cherry Hill, NJ 08002-3256
517823032   ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
               TRENTON NJ 08646-0245
             (address filed with court:   State of New Jersey,    Division of Taxation,    Bankruptcy Section,
               PO Box 245,    Trenton, NJ 08695-0245)
518004624    +Specialized Loan Servicing LLC,    8742 Lucent Blvd, Suite 300,
               Highlands Ranch, Colorado 80129-2386
518004625    +Specialized Loan Servicing LLC,    8742 Lucent Blvd, Suite 300,
               Highlands Ranch, Colorado 80129,    Specialized Loan Servicing LLC,
               8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
517780031    +Sport Joe Realty,    113 S Warren St,    Trenton, NJ 08608-2309
517878725    +Sporty Joe Realty, LLC,    c/o Gorski & Knowlton PC,    311 Whitehorse Avenue; Suite A,
               Hamilton, NJ 08610-1430
517780026     State of NJ,    Dept of Labor,    POB 389,    Trenton, NJ 08625-0389
517780029     State of NJ,    Div of Taxation,    POB 283,    Trenton, NJ 08646-0283
518147968    +State of NJ Dept. of Labor & Workforce Devel.,     Div. of Wage & Hour Compliance,    P.O. Box 389,
               Trenton, NJ 08625-0389
518157575    +U.S. Bank National Association,    Rebecca A. Solarz, Esquire,    216 Haddon Avenue, Ste. 406,
               Westmont, NJ 08108-2812
518778319    +U.S. Bank National Association, Trustee (See 410),    c/o Specialized Loan Servicing LLC,
               8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
517717389    +U.S. Bank National Association, as Trustee for Cit,    1000 Blue Gentlan Road,    1 Home Campus,
               Eagan MN 55121-7700,    Des Moines IA 50328-0001
517648616    +Wells Fargo,    c/o Shapiro & Dinardo,    14000 Commerce Pkwy #B,    Mt. Laurel, NJ 08054-2242
517780032    +Williamstown Fitness,    C/o Bertram Law,    56 Fayette St,    Bridgeton, NJ 08302-2425
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg           E-mail/Text: usanj.njbankr@usdoj.gov May 19 2020 23:00:25     U.S. Attorney,    970 Broad St.,
               Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg          +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov May 19 2020 23:00:24     United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
               Newark, NJ 07102-5235
517654728     E-mail/Text: ally@ebn.phinsolutions.com May 19 2020 22:59:21     Ally Financial,
               PO Box 130424,    Roseville MN 55113-0004
517780033    +E-mail/Text: bankruptcy@pepcoholdings.com May 19 2020 23:00:09     Atlantic City Electric,
               POB 13610,    Phila Pa 19101-3610
517769241     E-mail/Text: bankruptcy@pepcoholdings.com May 19 2020 23:00:09
               Atlantic City Electric Company,    Pepco Holdings, Inc.,
               Bankruptcy Division, Mail Stop 84CP42,    5 Collins Drive, Suite 2133,
               Carneys Point, NJ  08069-3600
517780027     E-mail/Text: sbse.cio.bnc.mail@irs.gov May 19 2020 23:00:04     IRS,    POB 7346,
               Phila, PA 19101-7346
517757224    +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM May 19 2020 23:05:51     Verizon,
               by American InfoSource as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                              TOTAL: 7
```
```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*           Ally Financial,    PO Box 130424,    Roseville, MN  55113-0004
cr*          +Lakeview Homeowners Association, Inc.,    850 Carolier Lane,    North Brunswick, NJ 08902-3312
517717391*   +U.S. Bank National Association, as Trustee for Cit,    1000 Blue Gentlan Road,    1 Home Campus,
               Eagan MN 55121-7700,    Des Moines IA 50328-0001
                                                                                               TOTALS: 0, * 3, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

```
District/off: 0312-1            User: admin              Page 2 of 2                  Date Rcvd: May 19, 2020
                                Form ID: pdf901          Total Noticed: 32
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 21, 2020                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 18, 2020 at the address(es) listed below:

```
          Allen I Gorski    on behalf of Creditor    Sporty Joe Realty, LLC agorski@gorskiknowlton.com
          Elizabeth L. Wassall    on behalf of Creditor    U.S. Bank National Association, as Trustee for
           Citigroup Mortgage Loan Trust, Inc., Mortgage Pass-Through Certificates, Series 2006-WF2
           ewassall@logs.com, njbankruptcynotifications@logs.com
          Gavin Stewart    on behalf of Creditor    Specialized Loan Servicing, LLC, as servicing agent for
           U.S. Bank National Association, as Trustee for CMLTI 2006-WF2 bk@stewartlegalgroup.com
          Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
          Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
           summarymail@standingtrustee.com
          John R. Morton, Jr.    on behalf of Creditor    Ally Financial ecfmail@mortoncraig.com,
           mortoncraigecf@gmail.com
          Marlena S. Diaz-Cobo    on behalf of Creditor    Lakeview Homeowners Association, Inc.
           collections@theassociationlawyers.com
          Rebecca Ann Solarz    on behalf of Creditor    U.S. Bank National Association, as Trustee for CMLTI
           2006-WF2 rsolarz@kmllawgroup.com
          Terry Tucker    on behalf of Debtor Desmond A Hicks terrytucker@comcast.net
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
          William H Brosha    on behalf of Creditor    Lakeview Homeowners Association, Inc.
           collections@theassociationlawyers.com
                                                                                             TOTAL: 11
```