# *Office of the Chapter 13 Standing Trustee*

*Isabel C. Balboa, Chapter 13 Standing Trustee*†

*Jane L. McDonald, Counsel*  
*Raymond H. Shockley, Jr. Staff Attorney*  
*Jennifer R. Gorchow, Staff Attorney*

*Kelleen E. Stanley\**  
*Jennie P. Archer\**  
*Lu'Shell K. Alexander\**  
*\*Certified Bankruptcy Assistant*  
†*Fellow, American College of Bankruptcy*

December 29, 2020

The Honorable Jerrold N. Poslusny, Jr.  
United States Bankruptcy Court  
P.O. Box 2067  
Camden, New Jersey 08102

RE:  CHAPTER 13 BANKRUPTCY  
     CASE NO: 18-24251 (JNP)  
     DEBTOR NAME: Desmond Hicks

Dear Judge Poslusny:

Please accept this letter as a limited objection to Debtor's Motion to Vacate Dismissal Order currently scheduled for January 19, 2021 at 11:00 a.m.

Debtor's plan was confirmed on November 9, 2018, providing for $3,912.00 paid to date and monthly payments of $1,699.00 for fifty-seven (57) more months. Doc. 23. Debtor filed a modified plan on January 18, 2020 and an Order Confirming Modified Plan was entered on February 20, 2020, reflecting $18,417.00 paid to date and reducing the monthly payments to $1,321.00 for forty-one (41) months. Doc. 57. Prior to confirmation of the modified plan, Debtor had submitted eleven (11) of eighteen (18) payments, with the last payment received on July 2, 2019. He made one (1) payment after the modified plan was confirmed.

On May 18, 2020 Debtor filed a motion to suspend payments. Doc. 68. His supporting certification states that he operates several restaurants and that his businesses have been adversely impacted by the pandemic. As a result, he requested a ten-month suspension of payments, with payments to resume in March 2021. A docket entry dated July 7, 2020 indicates that the relief was granted and that a completed order was to be submitted. As of this writing, the order is not on the docket.

Concurrent with the motion to suspend payments, Debtor filed a second modified plan seeking to avail himself of the relief offered in the CARES Act by extending the term of his plan to eighty-four (84) months and reducing the plan payment amount again to $1,115. Doc. 67. This modified plan was superseded by another one lowering the payment further to $503.00. Doc. 87.

Confirmation of the modified plan was adjourned five (5) times while the Trustee and Debtor discussed the terms of the modified plan and the Trustee's concerns pertaining to feasibility. Specifically, Debtor has been unable to explain his failure to make plan payments even before the pandemic came to our shores. Moreover, he was unable to produce evidence that he would be able to resume the payments in March 2021 as proposed in his plan.

Cherry Tree Corporate Center  
535 Route 38  
Suite 580  
Cherry Hill, NJ 08002  
(856) 663-5002

Payments Only:

P.O. Box 1978  
Memphis, TN 38101-1978

Debtor's Schedule I reports monthly gross income of $47,503.00 with a net income of $12,750.00. Doc. 1. That was pre-pandemic. However, the profit and loss statements provided by prove only approximately $2,373.00 per month. Because feasibility is a lingering concern, the Trustee recommended dismissal and the Court entered an order on December 16, 2020 dismissing the case. Doc. 97. I note, however, that the Trustee's recommendation posted on her website for the December 16, 2020 hearing, suggested that yet another adjournment might be available to Debtor. As a result, Debtor might not have expected the recommendation of dismissal and did not request permission to appear in opposition to the dismissal.

Debtor represents in his certification in support of the motion to vacate the dismissal that, due to a forbearance agreement he has entered into with his mortgagee, he has accumulated $2,200.00, which could be immediately tendered as a good faith payment to the Trustee. The Trustee respectfully requests if the Court grants Debtor's motion, the Debtor be required to submit an amended Order to the Judge's chambers to include the following language:

1. Within ten (10) days of this Order Debtor shall:

    (a) Remit to the Trustee a good faith payment of $2,200.00;

    (b) File amended Schedules I and J;

    (c) Provide to the Trustee current Profit and Loss statement for all active businesses, from January 1, 2020 through the date of this Order;

    (d) Provide to the Trustee proof of current pension income;

    (e) File with the Court a certification detailing how the proposed plan is to be funded; and

    (f) File with the Court the form of order granting the motion to suspend payments.

As always, the Court is welcome to contact the Trustee with any questions or concerns.

Respectfully submitted,

OFFICE OF THE CHAPTER 13
STANDING TRUSTEE

*/s/ Raymond H. Shockley, Jr.*
Raymond H. Shockley, Jr.
Attorney for Isabel C. Balboa
Chapter 13 Standing Trustee

RHS/kt
Terry Tucker, Esquire (Via ECF/CM)
Desmond A. Hicks (Via regular mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**Payments Only:**

**P.O. Box 1978**
**Memphis, TN 38101-1978**

Page **2** of **2**